[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants Challenges Hartford, Inc. and Sean Spencer move to open the March 22, 1995 judgment. This judgment in the amount of $150,000 was entered after a hearing in damages. Defaults had entered against both defendants for failure to appear.
Spencer does not dispute the service of process or notice of default but calls upon the court to exercise its discretion to open the judgment. Basically, he claims that he was a college student innocent in the ways of litigation and that he relied upon his employer, Challenges, to respond to the lawsuit on his behalf. He says that he reported the suit to his employer and was told that "they would look into it." Even though the court feels that the defendant Spencer was misled, it finds that he has not sustained his burden of showing cause for opening the judgment which was entered after trial. The cost and time and effort to the plaintiff as well as the court time expended in that trial must be considered.
The defendant Challenges argues that service of process and notice of the default were defective. The Court finds that in hand service was made on the general manager of defendant corporation and was proper. Therefore, since it is found that proper service was made, this issue cannot be considered as a ground for opening the judgment.
The defendant Challenges also claims that proper notice of default was not made. The court finds that this defendant by the actions of its general manager and authorized agent, authorized William Sacchi to sign for certified letters, and leave them with other mail on a table in a hallway. The notices in question were actually delivered by leaving them on a table outside the bar, a procedure authorized by this defendant. The Court finds that notice of default was properly made by the plaintiff and received by this defendant. Any discrepancy regarding receipt was caused by this defendant and it cannot now be heard to complain about a CT Page 13405 situation it created and which could not be known to the plaintiff or his counsel.
These motions submitted by way of testimony and affidavits by agreement of all parties.
The motions to open the judgment by the defendants Challenges and Spencer are denied.
Langenbach, J.